UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BANKERS FIDELITY LIFE INSURANCE
COMPANY,

        Plaintiff,

                                                  Case No. 1:13-CV-675

v.

                                                  HON. ROBERT HOLMES BELL

SENIOR SECURITY CORP.,

        Defendant.
_____/

**O P I N I O N**

On June 21, 2013, Plaintiff Bankers Fidelity Life Insurance Company filed a complaint against Defendant Senior Security Corp. alleging trademark infringement and unfair competition. (Dkt. No. 1.) On August 6, 2013, default was entered as to Defendant for failure to plead or otherwise defend. (Dkt. No. 8.) This matter is before the Court on Plaintiff's motion for entry of judgment.[1] (Dkt. No. 9.)

**I. Findings of Fact**

"On a motion for entry of default judgment pursuant to Rule 55(b)(2), allegations of

---

[1] On August 12, 2013, Defendant filed an answer "pro se." (Dkt. No. 10.) Following a motion to strike that answer filed by Plaintiff (Dkt. No. 12), Defendant filed a motion for extension of time to file answer and a motion for "entry of additional information discovered and presented by defendant." (Dkt. Nos. 13, 16.) The Court cannot consider Defendant's answer or motions unless the default entered on August 6, 2013 (Dkt. No. 8) is set aside. To the extent Defendant's motions may be liberally construed as motions to set aside the default, a corporation must be represented by an attorney in federal court. *See Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984). Accordingly, the motions will be denied, and Plaintiff's motion to strike the answer will be granted.

fact in the complaint are taken as true unless they are contradictory on the face of the document." *Kelley v. Carr*, 567 F. Supp. 831, 840 (W.D. Mich. 1983) (citing *Thomson v. Wooster*, 114 U.S. 104 (1885)); *see also Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) ("Once a default is entered against a defendant, that party is deemed to have admitted all the well pleaded allegations in the Complaint.").

Accordingly, the Court finds the following background facts: Since at least 1992, Plaintiff has used its family of SENIOR SECURITY marks for its insurance products and services. (Compl. ¶ 8.) These marks were registered on the Principal Register of the U.S. Patent and Trademark Office. (Compl. ¶¶ 10-16.) Plaintiff's U.S. Registration Nos. 2835929 for SENIOR SECURITY SERIES; 3273443 for SENIOR SECURITY; 2835928 for SENIOR SECURITY; 2781439 for SENIOR SECURXITY PLUS; and 3273444 for SENIOR SECURITY PLUS have acquired incontestable status and are in full force and effect. (Compl. ¶¶ 17-18.) Plaintiff's SENIOR SECURITY marks are well known throughout the insurance services field and have substantial goodwill associated with them. (Compl. ¶¶ 20-21.)

The Court also finds the following operative facts: Defendant is using the SENIOR SECURITY designation in its company name and in connection with the advertising, promotion, offering for sale, and selling of insurance products and services. (Compl. ¶ 24.) Until recently, Defendant used this designation in connection with the use of the domain name seniorsecuritycorp.com, a website promoting Defendant and its insurance products.

(*Id.*) Defendant's use of SENIOR SECURITY is identical in sound, meaning, and appearance to Plaintiff's pre-existing marks. (Compl. ¶ 25.) On August 10, 2010, Plaintiff contacted Defendant advising it of the existence of the trademarks and requesting that Defendant discontinue all use of SENIOR SECURITY. (Compl. ¶ 27.) On September 24, 2010, Defendant's CEO and President Terrance Buyze contacted Plaintiff and advised that Defendant had discontinued the use of SENIOR SECURITY. (Compl. ¶ 28.) In early 2013, Plaintiff discovered that Defendant was again making use of SENIOR SECURITY in the same fashion as before. (Compl. ¶ 29.) Following a series of email messages, Buyze advised Plaintiff that Defendant would not discontinue use of SENIOR SECURITY. (Compl. ¶ 34.)

**II. Conclusions of Law**

"Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." 10 Wright & Miller, Federal Practice and Procedure: Civil, § 2688. "[B]efore granting a default judgment, the Court must first ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since the party in default does not admit mere conclusions of law.'" *Cunningham v. MEC Enter., Inc.*, No. 10-13409, 2012 WL 1094330, at *3 (E.D. Mich. Mar. 2, 2012) (quoting *Chanel v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008)).

The Sixth Circuit "use[s] the same test to decide whether there has been trademark infringement, unfair competition, or false designation of origin: the likelihood of confusion

between the two marks." *Audi AG v. D'Amato*, 469 F.3d 534, 542-43 (6th Cir. 2006) (citing *Two Pesos v. Taco Cabana*, 505 U.S. 763, 780 (1992)). The following factors should be considered in determining whether there is a likelihood of confusion: "(1) strength of plaintiff's mark; (2) relatedness of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing [] channels used; (6) degree of purchaser care; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion in selecting the mark." *Audi AG*, 469 F.3d at 542-43 (citing *Wynn Oil Co. v. Thomas*, 839 F.2d 1183, 1186-90 (6th Cir. 1988)). Based on the strength of Plaintiff's marks, the similarity of the insurance products offered by Plaintiff and Defendant, the similarity in sound, meaning, and appearance of Defendant's use of Plaintiff's marks, the similarities in customers of the parties' respective services, the use of the internet as a marketing tool for Defendant's products, and Defendant's knowledge that it has been using Plaintiff's marks without permission, the Court concludes that there is a strong likelihood of confusion, and that Defendant is liable for trademark infringement, pursuant to 15 U.S.C. § 1114, and unfair competition, pursuant to 15 U.S.C. § 1125 .

### III. Relief Requested

Plaintiff's complaint seeks injunctive relief and damages in the form of compensatory damages, treble damages, and attorneys fees. However, Plaintiff's motion for judgment requests only injunctive relief. Injunctive relief for trademark infringement is permitted pursuant to 15 U.S.C. § 1116. However, a permanent injunction may not automatically issue

upon a finding of trademark infringement; a court must still analyze the traditional factors. *See eBay Inc. v. MercExchange LLC*, 547 U.S. 388, 391-92 (2006). "A plaintiff seeking a permanent injunction must demonstrate that it has suffered irreparable injury, there is no adequate remedy at law, 'that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted,' and that it is in the public's interest to issue the injunction." *Audi AG*, 469 F.3d at 550 (quoting *eBay*, 547 U.S. at 391).

Defendant's use of Plaintiff's marks in connection with the advertising, promotion, offering for sale, and selling of insurance products and services has caused irreparable injury to Plaintiff's business, reputation, and goodwill. There is no adequate remedy at law because if Defendant is allowed to continue using Plaintiff's marks there will be potential for future harm. An injunction is in the public's interest because it will prevent consumers from being misled. Last, in balancing the hardships between the parties, the Court agrees with *Audi AG* that an infringer "faces no hardship in refraining from willful trademark infringement." 469 F.3d at 550. While Defendant faces no hardship, Plaintiff faces hardship in the form of loss of sales and harm to reputation and goodwill. Consequently, the Court finds that injunctive relief is warranted.

An order consistent with this opinion will be entered.


Dated: <u>August 26, 2013</u>               <u>/s/ Robert Holmes Bell         </u>
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE